**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**



-----------------------------------------------------X

Nickie Kane,

                Plaintiff,

      v.

Jennifer Malone, Kevin McClannahan,
Monique Kennedy, Hannah Cohen, John
Doe, John Doe 2, Jane Roe,

                Defendant(s).

-----------------------------------------------------X

25-cv-00951-RER-CLP

COMPLAINT

Jury trial demanded

Plaintiff, Pro Se, Nickie Kane hereby alleges for their complaint as follows:

1. This case arises from the acts or omissions of the defendant(s). Plaintiff seeks relief
   from the defendants for violation of her rights secured by 42 U.S.C. § 1983, for the
   deprivation of rights, privileges, or immunities secured by the Constitution and federal
   laws. 42 U.S.C § 1985, for conspiracy to interfere with civil rights. Plaintiff seeks
   declaratory, injunctive, compensatory, punitive damages, award of costs and fees, and
   such other and further relief as the court deems just and proper.

## PARTIES

2. Plaintiff Nickie Kane resides in Kings County, State of New York.

3. Defendant Jennifer Malone "Malone," is a clerk with the New York City Civil Court,
   Kings County Branch part of New York State Unified Court System located at 141
   Livingston Street Brooklyn, NY 11201.

REC'D IN P[ ] SE OFFICE
FEB 14 '5 PM1:22

1

4. Defendant Monique Kennedy "Kennedy," is a clerk with the New York City Civil Court, Kings County Branch part of New York State Unified Court System located at 141 Livingston Street Brooklyn, NY 11201.

5. Defendant Kevin McClanahan "McClanahan," is a judge with the New York City Civil Court, Kings County Branch part of New York State Unified Court System located at 141 Livingston Street Brooklyn, NY 11201.

6. Defendant Hannah Cohen "Cohen," is a judge with the New York City Civil Court, Kings County Branch part of New York State Unified Court System located at 141 Livingston Street Brooklyn, NY 11201.

7. Defendant Jack Stoller "Stoller," is a judge with the New York City Civil Court, New York County Branch part of New York State Unified Court System located at 111 Centre Street, Room 838, New York, NY 10013.

8. Defendant John Doe "Doe," is a clerk with the New York City Civil Court, Kings County Branch part of New York State Unified Court System located at 141 Livingston Street Brooklyn, NY 11201.

9. Defendant John Doe "Doe 2," is a clerk with the New York City Civil Court, Kings County Branch part of New York State Unified Court System located at 141 Livingston Street Brooklyn, NY 11201. He is a white male about 6'0" light complexion cropped hair slim build.

10. Defendant Jane Roe "Roe," is a clerk with the New York City Civil Court, Kings County Branch part of New York State Unified Court System located at 141 Livingston Street Brooklyn, NY 11201. She is a black female about 5'9" dark complexion and shoulder length dred locks or braids and slim build.

## JURISDICTION

11. This case is brought pursuant to 42 U.S.C. § 1983, and 42 U.S.C § 1985.

12. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, and supplemental

    jurisdiction pursuant to 28 U.S.C. § 1367(a).

## VENUE

13. The venue is proper in the Eastern District of New York because the actions alleged in

    this Complaint occurred in this district.

## SUMMARY OF ACTION

The Plaintiff was subjected to an unlawful and retaliatory eviction by landlord Sackett

Street Associates, LLC who is a Defendant to another action in this court titled Kane v.

Sackett Street Associates, LLC, et al Case Number: 1:23-cv-08985-RER-LB. The

eviction case was held at New York City Civil Court, Kings County Branch part of New

York State Unified Court System located at 141 Livingston Street Brooklyn, NY 11201.

During the trial numerous errors of law occurred. Such as the court not allowing the

Plaintiffs witness to enter the courtroom and testify, not recognizing the landlord received

money from the New York State Emergency Rental Assistance Program "ERAP" and

failed to disclose during trial, not allowing the Plaintiff to speak in her defense, and

retaliating against the Plaintiff for complaints.  The Plaintiff timely filed a notice of

appeal and completed her brief. However the state statute requires that the transcripts of

the trial must accompany the brief in order for the appeal to be perfected. Numerous

excuses have been given as to why the transcripts cannot be provided. Such as "the

records department is backed up," you have to pay for your own transcripts. Which was

quoted at almost $800. The Plaintiff applied for and was granted in forma pauperous to

appeal the case. Now the Plaintiff submit to the court a request for transcripts as a poor

person and the clerks of the court repeatedly reject the motion without reason. In addition, during the course of the eviction case clerks of the court repeatedly deleted motions for a stay of eviction the Plaintiff filed without reason. Numerous complaints were filed with the Office of Court Administration, inspector general, The Managing Inspector General for Bias Matters, supervising judge for trial courts, and the New York State Commission on Judicial Conduct. After one complaint the presiding judge over the case was removed and replaced with Supervising Judge Kevin McClannahan. After another complaint the court provided copies of the trial recordings. However, the court has yet to turn over the transcripts. The Defendants have conspired to interfere with the civil rights of the Plaintiff and deprived her of rights, privileges, or immunities secured by the Constitution and federal laws.

### STATEMENT OF FACTS RELATED TO ALL CAUSES OF ACTIONS

14. On or about January 19, 2024 when the Plaintiff followed up on her transcript request Defendant Malone stated they were backed up.

15. During the housing court case the Plaintiff filed two documents on or about October 2, 2023 which were deleted by Defendant Doe without reason.

16. During the housing court case the Plaintiff filed two documents on or about October 16 , 2023 which were deleted by Defendant Doe without reason.

17. During the housing court case the Plaintiff filed two documents on or about October 20 , 2023 which were deleted by Defendant Doe without reason.

18. During the housing court case the Plaintiff filed six motions to stay warrant of eviction on or about October 18, 2023, which were deleted by Defendant Doe without reason.

19. At around noon October 18, 2023, the Plaintiff was in the process of removing the rest of her belongings from the apartment. The landlord showed up and changed the locks refusing to let the Plaintiff get the last of her belongings and her emotional support rabbits, locking them up without food and water.

20. On October 18, 2023, after the eviction began the Plaintiff rushed to the courthouse to gain access to the apartment so she could retrieve the rest of her belongings and save her emotional support rabbits.

21. Under the direction of Defendant McClanahan defendant Roe received and held the signed emergency order to gain access. Only after all the court cases had been heard he then announced "that's all the cases for today" to which the Plaintiff approached clerk Roe only then did she hand over the signed order. Instead of uploading the order for electronic service she stated the Plaintiff had to hand deliver it further, delaying the Plaintiff from returning to the apartment.

22. When the Plaintiff returned to the apartment hours later the landlord had a moving company pack all the Plaintiffs belongings into a moving truck. The truck driver refused to hand over her belongings unless she paid $600.

23. During the housing court case the Plaintiff filed an order to show cause on or about October 20, 2023 which was not uploaded by defendant Doe without reason.

24. Clerk Roe never uploaded the emergency order to the docket.

25. Each time a motion was denied clerk Doe uploaded only the first page making it difficult for the plaintiff to have all the information for appellate review by the Appellate Term.

26. On or about April 11, 2024 the Plaintiff filed an order to show cause which was denied Defendant doe 2 refused to upload the denial to the docket making it difficult for the Plaintiff to appeal to the Appellate Term.

27. The Plaintiff filed it six more times from December 6, 2024, to January 2, 2025, the order to show cause to obtain transcripts as a poor person.

28. Each time it was denied by Judge Cohen for various reasons. First "no proof," then Plaintiff provided proof of income.

29. Second/third the judge Cohen tried to use an administrative order of another court that had no jurisdiction in the housing court to deny it. Then the Plaintiff obtained proof from the other court that the order did not apply.

30. Fourth Judge Cohen denied for no proof of assets. Then the Plaintiff provided bank statements.

31. Despite providing everything the court asked for Judge Cohen refused to rule on the motion.

32. The fifth, sixth, Defendant Kennedy returned it "rejected" for filing.

33. The seventh time clerk Doe returned it "rejected" for filing.

34. When the Plaintiff tried to have the two "rejected" filing reviewed by the Appellate Term they refused to as it stated "rejected" and not denied/not signed by a judge.

35. The Plaintiff has not yet been able to resolve the transcripts which makes it impossible for her to perfect her appeal.

36. The Plaintiff has an almost $78,000 judgment obtained through fraud against her.

37. A complaint was sent to Defendant Stoller who is the supervising judge for all housing court judges. No response has been received as of today.

## FIRST CAUSE OF ACTION NEGLIGENCE (COMMON LAW)

38. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

39. The Defendants McClanahan failed to supervise the other defendants under his supervision.

40. The Defendants Stoller failed to supervise the other defendants under his supervision.

## SECOND CAUSE OF ACTION VIOLATION OF 42 U.S.C. § 1983

41. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

42. The Defendants deprived the Plaintiff of her rights, privileges, or immunities secured by the Constitution and federal laws.

43. The defendants Deprived the Plaintiff of her right to due process under the Fourteenth Amendment, U.S. Const. amend. XIV, § 1.

44. The defendants Deprived the Plaintiff of her right to equal protection of the law under the Fourteenth Amendment, U.S. Const. amend. XIV, § 1

## THIRD CAUSE OF ACTION VIOLATION OF 42 U.S.C § 1985

1. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

45. The Defendants have conspired to interfere with the civil rights of the Plaintiff and deprived her of rights, privileges, or immunities secured by the Constitution and federal laws.

46. The Defendants conspired to deprive the Plaintiff of her right to due process under the Fourteenth Amendment, U.S. Const. amend. XIV, § 1.

47. The Defendants conspired to deprive the Plaintiff of her right to equal protection of the law under the Fourteenth Amendment, U.S. Const. amend. XIV, § 1

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

a)  A declaration that Defendants violated Plaintiff's rights in violation of 42 U.S.C. §
    1983.

b)  A declaration that Defendants violated Plaintiff's rights in violation of 42 U.S.C §
    1985.

c)  Injunctive relief by ordering the Defendants not to engage in same or similar conduct.

d)  An order awarding compensatory and punitive damages in an amount to be
    determined at trial.

e)  And an order directing such other relief as this court deems just and proper.

I swear under penalty of perjury that the foregoing is true and correct to the best of my
knowledge.

Dated: Brooklyn, NY
February 5, 2025
14 pm

Nickie Kane, Plaintiff, *pro se*
95-73 114th Street
South Richmond Hill, NY 11419
Ms.Nickie.Kane@gmail.com
786 440-8209

8